# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL HODORAWIS <br><br> Plaintiff <br><br> vs. <br><br> HARRISON ROSS BYCK, ESQ., P.C. <br><br> Defendant | Civil Action No. <br><br> COMPLAINT <br><br> ELECTRONICALLY FILED |

## COMPLAINT

1. This is an action for damages brought by an individual consumer against Defendant, Harrison Ross Byck, Esq., P.C. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and other state law claims. The FDCPA laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION & VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Daniel Hodorawis is an adult individual residing at 45 Lower Powderly Street, Carbondale, Lackawanna County, Pennsylvania 18407.

5. Defendant Harrison Ross Byck, Esq., P.C. is a business entity regularly engaged in the business of collecting debts with its principal place of business located at 229 Plaza Boulevard #112, Suite 160, Morrisville, PA 19067. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired by MBNA to collect a debt relating to a credit card account that was allegedly owed to MBNA (hereafter the "debt").

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8. In or around April 20, 2010, Defendant, through its agent, telephoned Plaintiff at his place of employment to coerce payment of the debt.

9. During the April 20, 2010 telephone call, Plaintiff informed Defendant's agent that he could not talk or receive calls at work.

10. Thereafter, Plaintiff telephoned Defendant and spoke with a manager who was given permission to speak with Plaintiff's mother regarding the debt, however, Defendant insisted that Plaintiff's mother be on the line when the permission was given but because she was not home, the call was disconnected.

11. Thereafter, Defendant's agent called Plaintiff and spoke with his mother who had been given consent to speak regarding the account.

12. Plaintiff's mother also informed Defendant's representative that her son was represented by Counsel, and provided Defendant's agent with the name and contact information of his attorney in order for Defendant to discuss the matter with counsel.

13. Notwithstanding the fact that Plaintiff informed Defendant that he was not permitted to receive calls at work, on or about July 27, 2010, Defendant, through its agent, Charles Mann, telephoned Plaintiff at his place of employment to coerce payment of the debt, with the intent to annoy, abuse and harass.

14. During the call, Plaintiff again informed Defendant's agent that he was not permitted to receive calls at work.

15. Plaintiff also informed defendant's agent that he was represented by Counsel, who's information was previously provided to Defendant.

16. The FDCPA provides in relevant part that without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. 15 U.S. C. § 1692c(a)(1).

17. The July 27, 2010 telephone call to Plaintiff by Defendant was made in connection with the collection of a debt, at an unusual place know to be inconvenient to the Plaintiff by the Defendant in violation of section 1692c(a)(1) of the FDCPA.

18. The FDCPA provides in relevant part that without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer. 15 U.S. C. § 1692c(a)(2).

19. The continued telephone calls to Plaintiff by Defendant after knowing Plaintiff was represented by counsel were made in connection with the collection of a debt, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction in violation of section 1692c(a)(2) of the FDCPA.

20. Defendant had all of the information necessary to ascertain Plaintiff's attorney's name and address.

21. Notwithstanding the above, Defendant continued to telephone Plaintiff to coerce payment of the debt, with the intent to annoy, abuse and harass by leaving voice mail messages on Plaintiff's answering machine.

22. The FDCPA requires a debt collector to notify the consumer in all subsequent communications that the communication is from a debt collector. 15 U.S.C. § 1692e(11).

23. Defendant knew it was required to disclose that it was a debt collector in each subsequent communication with the Plaintiff.

24. Defendant, through its agent, employee and/or representative, failed to provide the statutorily required notice in telephone communications with Plaintiff in violation of section 1692e(11) of the FDCPA.

25. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

26. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant.

27. As a result of Defendant's conduct, Plaintiff has sustained emotional and mental pain and anguish in the form of anxiety, loss of sleep, loss of appetite, nervousness and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great loss and detriment.

### COUNT I
### DANIEL HODORAWIS
### v.
### HARRISON ROSS BYCK, ESQUIRE, P.C.
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692 et seq.

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

30. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

31. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

32. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692(c)(a)(1), 1692c(a)(2) and 1692e(11) as evidenced by the following conduct:

> (a) Communicating with Plaintiff at an unusual time or place known or which should be known to be inconvenient to the Plaintiff;
>
> (b) Communicating with Plaintiff after knowing Plaintiff was represented by counsel in connection with the collection of a debt, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction.
>
> (c) Failing to provide the statutorily required notice in telephone communications with Plaintiff that the communication is from a debt collector.

33. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

34. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## JURY TRIAL DEMAND

35. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Costs and reasonable attorney's fees; and

(d) Such other and further relief as may be just and proper.

Respectfully submitted,

**KELLEY & POLISHAN, LLC**

  S/PATRICK WALSH
PATRICK WALSH, ESQUIRE/87931
259 S. KEYSER AVE.
OLD FORGE, PA 18518
PHONE: (570) 562-4520
FAX: (570) 562-4531
Email: pwalsh@kelleypolishanlaw.com
**ATTORNEY FOR PLAINTIFF
DANIEL HODORAWIS**

G:\KPWS\Hodorawis, Daniel\Complaint_Harrison Ross Byck_Fed Ct